IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON L. FAKE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA COURT OF COMMON PLEAS, et al. | : | NO.  16-3893 |
| | : | |

MEMORANDUM

PAPPERT, J.                                                                                                 JULY 27, 2016

      Plaintiff Brandon L. Fake ("Plaintiff" or "Fake") sues forty-four defendants based on an alleged conspiracy in the Philadelphia courts dating back to 2004.  He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss the complaint.

### I.

      Fake's primary allegation seems to be that defendant Dianne Fake's personal ties to Under Secretary of the Army Patrick Murphy[1] and his family allowed her, members of the Murphy family and others to conspire to influence a domestic relations proceeding in favor of Ms. Fake to the detriment of plaintiff and his children.  Dianne Fake is apparently the plaintiff's ex-wife.  She filed a claim for spousal support and custody of children (presumably her and plaintiff's children, although the complaint does not specify) on April 12, 2004 in the Philadelphia County Court of Common Pleas with the assistance of Allyson Totaro and Stephen M. Older, who appear to have been Ms. Fake's attorneys.  Plaintiff seems to claim that the action was improper

---

[1] Patrick Murphy was sworn in as Under Secretary of the Army on January 4, 2016. He was a Member of the United States House of Representatives from January, 2007 to January, 2011.

1

because there was already a divorce action pending in Monroe County. Plaintiff believes that the Philadelphia Court of Common Pleas lacked jurisdiction and venue over the matter.

Plaintiff alleges that on March 8, 2005, Daniel Sulman and Anita N. Botchway, who are not further identified, "engaged in an unethical ex parte conversation" that plaintiff witnessed "via teleconference" during which the name Murphy arose and during which Sulman allegedly made slanderous statements. (Compl. and Jury Demand ¶ 47.) The complaint indicates that certain of plaintiff's property was seized on March 16, 2005, and that he was falsely arrested on April 17, 2005. (*Id.* ¶¶ 48-49.) It is not clear what plaintiff was arrested for or what was seized, although the complaint suggests that the Philadelphia County Court of Common Pleas unjustly issued an arrest warrant. Plaintiff alleges that the "officers in the 8th district used excessive force during the false arrest" and stole $100 from him. (*Id.* ¶¶ 50-51.) On August 13, 2005, plaintiff's home was allegedly subjected to an "illegal search," although the complaint does not explain why the search was "illegal." (*Id.* ¶ 52.)

Plaintiff contends that Judge Joel S. Johnson deprived him of his right to counsel and imprisoned him on May 9, 2006. His imprisonment lasted thirty-six hours. Plaintiff alleges that "the Philadelphia Court of Common Pleas violated [his] Constitutional Rights by seizing personal property . . . without due process" in 2006, 2007, 2008, 2013 and 2016, but the complaint does not specify what was seized or why the seizure was improper. (Compl. and Jury Demand ¶¶ 55, 60-61, 66 & 70.) Additionally, certain judges presiding over the domestic relations proceeding allegedly violated plaintiff's rights in 2007 by "engag[ing] in witness intimidation," sentencing him to prison without legal representation, and coercing him into abandoning his appeal. (*Id.* ¶¶ 56-59.) The complaint does not elaborate on those allegations.

The complaint also refers to a criminal case initiated against Dianne Fake in the Philadelphia County Court of Common Pleas, *Commonwealth v. Fake*, Docket No. CP-51-CR-0012816-2013. Plaintiff alleges that the Judge assigned to the criminal case used a false birthdate to identify Dianne Fake to "protect [her] from having her professional license revoked and eliminate the possibility of criminal records searches discovering [the] charges." (Compl. and Jury Demand ¶ 63.) The Judge also allegedly granted an "illegal name change to Dianne N. Fake," apparently so that the name on the domestic relations docket would not match the name on Ms. Fake's criminal docket. (*Id.* ¶ 65.) Ms. Fake was charged with conspiracy and interference of custody with children, and Corinna Fake (whose relationship to plaintiff is unclear) was charged with the same crimes in a related criminal case. *See Commonwealth v. Fake*, Docket No. CP-51-CR-0014032-2013. The proceedings against Dianne Fake and Corinna Fake were nolle prossed without prejudice in July of 2014, allegedly because of Murphy's improper influence. (Compl. and Jury Demand ¶ 64.)

Corinna Fake was also charged with various crimes in the Bucks County Court of Common Pleas. *See Commonwealth v. Fake*, Docket No., CP-09-CR-0004363-2013. She pled guilty and was sentenced to a term of imprisonment. Plaintiff alleges that Murphy "obstructed justice" by using his "political influence" to provide "unprecedented courtesies" to Corinna Fake in connection with that case. (Compl. and Jury Demand ¶ 62.)

Plaintiff appears to be alleging that the Philadelphia Police Department, certain police officers, and other municipal defendants should have investigated or arrested Dianne Fake and Corinna Fake earlier and/or that those defendants failed to protect minor children—presumably his children—who were the victims of abuse and neglect. Plaintiff also appears to be of the opinion that the Philadelphia District Attorney's office and individual prosecutors did not

3

adequately or vigorously prosecute the charges against Dianne Fake and Corinna Fake because of Dianne Fake's ties to the Murphy family.

Plaintiff alleges that on March 5, 2014, "the Philadelphia Court of Common Pleas commit[ted] Fraud Upon the Court by ignoring a filing of contempt from the Plaintiff." (Compl. and Jury Demand ¶ 67.) He also claims that on December 1, 2014, William Ketterlinus committed "Fraud Upon the Court by issuance of an interim order," which was fraudulent because "Dianne N. Fake is a fictional character." (*Id.* ¶ 68.) Plaintiff further contends that on October 2, 2015, Judge Holly J. Ford of the Philadelphia County Court of Common Pleas made false statements in connection with an opinion she wrote, presumably in connection with plaintiff's domestic relations case.

The complaint names the following individuals or entities as defendants: (1) the Philadelphia County Court of Common Pleas; (2) Judge Kevin M. Dougherty; (3) Judge Margaret T. Murphy; (4) Judge Holly J. Ford; (5) Judge Joel S. Johnson; (6) Judge Robert J. Matthews; (7) Dianne J. Fake; (8) Patrick J. Murphy; (9) Marge Murphy; (10) Mary Clark; (11) John Clark; (12) Corinna A. Fake; (13) Daniel Sulman; (14) Anita N. Botchway; (15) William Ketterlinus; (16) Harry Frank; (17) Allyson Totaro; (18) Stephen M. Older; (19) Kevin V. Mincey; (20) the Philadelphia Department of Human Services; (21) Jessica S. Shapiro; (22) Gary D. Williams; (23) Johnathan Houlon; (24) Margaret Henderson; (25) Courtney Norella; (26) the Judicial Conduct Board of Pennsylvania; (27) Judge Robert A. Graci; (28) Judge Elizabeth S. Beckley; (29) Judge P. Kevin Brobson; (30) Judge Christine Fizzano Cannon; (31) James C. Schwartzman; (32) Lisa Steindel; (33) Robert G. Del Greco, Jr.; (34) Harold E. Flack, II; (35) Richard T. Frazier; (36) Philadelphia Police Department 8th District; (37) Officer Marafino; (38) Officer Kimberly Merry; (39) Jack

Murphy; (40) Judge Jennifer Harlacher Sibum; (41) the Philadelphia District Attorney's Office; (42) Lauren Katona; (43) Maryellen Fields; and (44) Helen Park.

Plaintiff alleges that since April 2004 the Philadelphia County Court of Common Pleas violated his constitutional rights and discriminated against him based on his age, race, and gender. (Compl. and Jury Demand ¶¶ 73-74.) It appears that he intends to raise claims under 42 U.S.C. § 1983 for violation of his constitutional and/or federal rights, and that he may have intended to raise claims under federal criminal statutes. Plaintiff seeks ten million dollars in compensatory damages, punitive damages, an order restraining the defendants from discrimination and retaliation, and the filing of criminal charges against the defendants.

**II. STANDARD OF REVIEW**

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply. They require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The plausibility standard requires more than a "sheer possibility that a

defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II.

### A. Claims Based on Harm to Minor Children or Third Parties

Fake is apparently pursuing, to some extent anyway, claims against some of the defendants based on harm they allegedly caused to minor children (presumably his minor children). Plaintiff lacks standing to raise claims on behalf of third parties and, as a non-attorney proceeding *pro se*, may not represent other individuals in this Court, even his own children. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed pro se on behalf of his children in federal court). Accordingly, the Court will dismiss without prejudice all claims brought on behalf of plaintiff's children or seeking relief for harm suffered by those children or other third parties. Plaintiff may not pursue those claims in this lawsuit.

### B. Claims Based on Alleged Deficiencies in the Investigation and Prosecution of Dianne Fake and Corinna Fake and Criminal Claims

To the extent that plaintiff purports to assert claims under federal criminal statutes or seeks relief in the form of a criminal prosecution, those claims are legally baseless. Criminal statutes do not provide a basis for civil liability and the Court cannot direct the filing of criminal charges.

*See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). Additionally, many of plaintiff's claims appear to be based on his belief that Dianne and Corinna Fake should have been prosecuted more vigorously or arrested and/or investigated by law enforcement for certain crimes. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, Fake cannot assert any claims based on alleged failures of individuals in the police department and District Attorney's Office to arrest and prosecute Dianne and Corinna Fake, even if plaintiff is the victim of their crimes. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). As plaintiff cannot cure the deficiencies in those claims, the Court will dismiss with prejudice all claims related to the alleged deficiencies in the investigation and prosecutions of Dianne and Corinna Fake.

**C. Claims Concerning the Domestic Relations Proceeding**

Plaintiff's remaining claims are seemingly brought pursuant 42 U.S.C. § 1983 and based on the domestic relations case that Dianne Fake filed against him in the Philadelphia Court of Common Pleas, events that occurred in that case, and the alleged conspiracy that influenced the proceedings in that case. There are several reasons why these claims must be dismissed.

First, most of plaintiff's claims are barred by Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period generally begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, most of plaintiff's claims accrued between 2004 and 2008, long before he filed this lawsuit on July 18, 2016. That plaintiff alleges an ongoing conspiracy dating back to 2004 does not allow him to recover for claims that are otherwise time-barred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 191 (3d Cir. 1993) ("[P]laintiffs were required to seek redress for each act of the alleged conspiracy causing injury within two years of its occurrence."); *Anders v. Bucks Cnty.*, No. CIV.A. 13-5517, 2014 WL 1924114, at *4 (E.D. Pa. May 12, 2014) ("If the plaintiff's claims are based on discrete acts which give rise to causes of action that can be brought individually, then the continuing violations doctrine does not serve to extend the applicable statute of limitations periods."). Accordingly, plaintiff's complaint is untimely with the exception of claims based on three events that occurred within the limitations period, which fail for other reasons as discussed below.[2]

---

[2] Plaintiff appears to be raising claims based on events that occurred on December 1, 2014, October 2, 2015, and May 16, 2016, which are within the statute of limitations. (Compl. and Jury Demand ¶¶ 68-70.)

Second, plaintiff's claims are comprised of conclusory allegations with minimal factual support. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010); *see also Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Furthermore, to state a claim against a given defendant, the complaint must provide sufficient factual matter from which the Court could plausibly infer that the defendant was personally involved in the violation of plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 680-81.

Here, plaintiff generally alleges that the defendants conspired against him, but he provides few factual allegations beyond an assertion that Dianne Fake had a personal relationship with the Murphy family. His allegations against most of the defendants are premised on nothing more than legal conclusions that those defendants deprived him of certain constitutional rights, discriminated against him, or, for example, seized his property. The allegations lack any factual assertions which would establish why a given action was unconstitutional, illegal or the product of a conspiracy. Fake has thus failed to state a claim because he has not pled sufficient factual matter establishing a plausible basis for concluding that the defendants conspired against him or violated his federal or constitutional rights.

Third, there is no legal basis for plaintiff's claims against the Philadelphia County Court of Common Pleas because the Court is entitled to Eleventh Amendment immunity from § 1983

claims and, in any event, is not a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. Of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005). Furthermore, departments or offices of the City of Philadelphia may not be sued separately from the City itself and the City is not liable for the constitutional violations of its employees unless a municipal policy or custom caused the alleged violations. *See* 53 Pa. Cons. Stat. § 16257; *Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 694 (1978). Additionally, judges are absolutely immune from liability under § 1983 for acts taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Although plaintiff generally alleges that the Common Pleas Court judges acted without jurisdiction over the domestic relations proceeding, his allegations are too general to support that allegation, especially in light of the fact that Pennsylvania courts generally have jurisdiction over domestic relations proceedings. *See* 23 Pa. Cons. Stat. § 3104.

### III.   CONCLUSION

The Court will dismiss plaintiff's complaint but will give plaintiff leave to file an amended complaint which, if possible, states the factual basis for a timely claim against a proper defendant who is not entitled to immunity. An appropriate order follows.

*/s/ Gerald J. Pappert*
„J.