

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRANDON L. FAKE,  PLAINTIFF          :          CIVIL ACTION

       v.                           :          NO. 16-3893

CITY OF PHILADELPHIA,                :

KEVIN M. DOUGHERTY,

MARGARET T. MURPHY,

JOEL S. JOHNSON,

HOLLY J. FORD,

DIANNE J. FAKE,

PATRICK J. MURPHY,


## AMENDED COMPLAINT AND JURY DEMAND

## I.    STATEMENT OF CLAIM

This lawsuit is brought forth under Title 42 U.S. Code 1983 for the wrongful actions of the Defendants involved in this matter.  The Defendants have engaged in a criminal conspiracy to deprive the Plaintiff of his 4th, 5th, and 14th Amendment rights.  The Philadelphia Court of Common Pleas has acted as a criminal enterprise to defraud the United States Government through fraud and abuse of Title IV Part D of the Social Security Act by overinflating the income of the Plaintiff and systematically violating the Constitutional rights of the Plaintiff in their administration and collection tactics.

The Administration and Officers of the Court have committed fraud and have acted under color of law. The motive for the Court to engage in such corrupt and criminal action is based on the close personal and professional relationships of Dianne J. Fake, Patrick J. Murphy, Margaret T. Murphy, Kevin M. Dougherty, Jack Murphy, Marge Murphy, Mary Clark and John Clark who have conspired to perpetrate this unconscionable scheme to railroad the Plaintiff, as detailed in this complaint.  The factual evidence to support this claim is provided in the docket history of support case 04-07331, custody case OC0601812 and felony case CP51CR00128162013 in the Philadelphia Court of Common Pleas.  Phone and e-mail records between these parties will provide evidence that these parties have conspired to violate the United States Constitution and have financially benefitted from the establishment of fraudulent child support orders whereby defrauding the United States Government by collecting Title IV D funds in a case where Fraud upon the Court has taken place.  The ability to enact these atrocities has been done by and through the influence that the Murphy family has within the highest levels of the Court administration with the positions held by their closest friends and relatives.

2

1.    The City of Philadelphia has been contacted on several occasions in regards to this matter.
      The Plaintiff first contacted Mayor Kenney's office on 6/23/2016. The office of the Mayor did not
      take any action to correct the Constitutional violations that were continuing to occur. The
      Philadelphia District Attorney's office has been notified on several occasions, including
      08/15/2016 and 09/05/2016, of criminal activity within the Court and has failed to properly
      address the allegations. It is well established public knowledge that deep rooted corruption is
      rampant in the City of Philadelphia.

2.    Kevin M. Dougherty held the position of Administrative Judge during the onset of the support
      case in 2004 through 2015. During this time period it had been brought to the attention of Judge
      Dougherty that civil rights violations were taking place. Dougherty failed to take any action to
      correct this problem because of his close personal relationships and contact with the Murphy
      family along with his financial interest in the support matter to fraudulently obtain Title IV D
      funding through the mishandling of the Plaintiff's case and knowingly violated Plaintiff's civil
      rights. Dougherty had personal knowledge of the Plaintiff's case and has taken retaliatory actions
      against the Plaintiff through his administration of the Court.

      a.  Kevin M. Dougherty obstructed justice on 9/25/2013 by falsifying Court records and
          illegally changing Dianne J. Fake's name to Dianne N. Fake and falsified her birthdate on
          criminal records. This criminal conspiracy has been admitted by Dianne J. Fake and is
          evidenced by the falsification of employment records by Ms. Fake which led to her being
          fired in November 2015.

3

b. On 9/25/2013 Kevin M. Dougherty signed his name to an Order to Freeze Assets. The entry of this Order is an act of fraud and violation of the Plaintiff's 4th and 14th Amendment rights. Dougherty's involvement in the commission of fraud to clear Ms. Fake of her felony charges is factual evidence that establishes Dougherty's role in the conspiracy between the Defendants.

c. On 12/01/2014 Kevin M. Dougherty committed fraud by signing his name to a Proposed Order of Support that overinflated the amount of support and denied proper credits to the Plaintiff that would have reduced the amount of Title IV D funds available to the Court, this fraudulent Order was issued to an individual under a false name, Dianne N. Fake. The obstruction of justice and Fraud committed by Administrative Judge Dougherty were done in his capacity as the administrator of the Court and his actions have directly violated the Plaintiffs 4th, 5th, and 14th Amendment rights.

Kevin M. Dougherty is not entitled to judicial immunity based on the fact that all of his actions were administrative in nature. "Judges are not immune for their nonjudicial activities, i.e., activities which are ministerial or administrative in nature." Santiago v. City of Philadelphia, 435 F.Supp. 136 (1977); "Judges have no immunity from prosecution for their judicial acts." Bradley v. Fisher, U.S. 13 Wall. 335 (1871); When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgement; he acts no longer as a judge, but as a "minister" of his own prejudice." Pierson v. Ray. 386 U.S. 547 at 567 (1967); "Judges may be punished criminally for willful deprivation of rights on the strength of Title 18 U.S.A. 241 and 242." Imbler v. Pachtman, 424 U.S. 409; 96 S.Ct. 984 (1976); Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and

4

care is owed by the government to its people." Rabon v. Rowen Memorial Hosp., Inc. 269 NSI. 13, 152 S.E.2d 485, 493 (`1967); "We should, of course, not protect a member of the judiciary "who is in fact guilty of using his power to vent his spleen upon others, or for any other personal motive not connected with the public good." Gregoire v. Biddle, 177 F.2d 579, 581.; "There is no judicial immunity from criminal liability." Shore v. Howard, 414 F.Supp. 379

The violations that Dougherty has committed while acting as an Administrative Judge are of an unprecedented importance now that this individual is presiding as a Pennsylvania Supreme Court Justice. It is the Plaintiff's position that a Judge who has engaged in such corrupt and criminal activities should be automatically disqualified from holding such an influential position in our judicial system. Other facts such as illegal campaign contributions and Dougherty's close affiliations with corrupt individuals should be properly addressed by those that have the ability and obligation to take action against corruption and criminal activity under color of law.

3.     Margaret T. Murphy held the position of Supervising Judge during the years of 2004-2015 and was then appointed to Administrative Judge in 2015. Judge Murphy was notified on several occasions that civil rights violations were taking place in this matter. Margaret T. Murphy failed to take appropriate action due to the influence that was impressed upon her by close family members. Murphy also has a financial interest in violating the Plaintiff's civil rights by defrauding the United States Government out of Title IV D funds by the administration of a fraudulent support Order.

   a.  11/12/2015, Plaintiff notifies the Court during a hearing in front of Judge Jackson that fraud is taking place within the Court.

5

b.   11/17/2015, Margaret T. Murphy seizes $7,563.25 from the Plaintiff based on a fraudulent child support order and in retaliation for alleging fraud during the hearing on 11/12/2015.

c.   11/30/2015, Plaintiff files a Notice of Appeal in accordance with Pa. R.C.P., appealing the Order dated 11/17/2015 to Seize Assets.  Margaret T. Murphy ignores this filing and the matter is never transferred to the Pennsylvania Superior Court.  This is a direct violation of the 4th and 14th Amendments as well as Pennsylvania law.  Plaintiff was denied a due process hearing in front of a Judge whereby, Murphy knowingly violated the Due Process Clause of the 14th Amendment.

d.   04/01/2016, Margaret T. Murphy commits fraud by signing an Order to Freeze Assets in the amount of $8,372.78.  This Order was entered under the name of Dianne J. Fake, plaintiff.  The plaintiff entered in the support order is Dianne N. Fake; therefore the Court had no legal grounds to seize assets for Dianne J. Fake because there is no valid court order to allow such action.  The alleged arrears at the time of the Order were $8,372.78, however the Court had already seized $7,563.25 on 11/17/2015 and was holding that amount in escrow pending the Superior Court appeal 2192 EDA 2015.  This unlawful seizure of assets was done with malicious intent to prevent the Plaintiff from pursuing custody action after Dianne J. Fake contacted the Court to inform them that the child custody matters would likely be transferred from Monroe County to Philadelphia. Violation of 4th, 14th Amendments.

e.   04/28/2016 and 05/05/2016 the Court violates the Plaintiff's 14th Amendment right of due process by refusing to allow a hearing in regards to the unlawful seizure of assets,

6

written documents were received by the Court requesting this matter be heard by a Judge.

f. 6/20/2016, Plaintiff files 6 petitions with the Court that were received via express mail at approx. 1:00pm EST on 06/20/2016, the petitions were not docketed until 6/22/2016.

1. Emergency Relief Petition in Custody

2. Expedited Relief Petition in Custody

3. Modification of Custody

4. Contempt of Custody

5. Relocation Petition and request for Plowman hearing

6. Petition to Terminate Child Support Order

g. 6/21/2016, Plaintiff notifies Katie Gallen, during an enforcement conference in which both parties were court ordered to appear, of the ongoing fraud being committed by the Court. Ms. Gallen refuses to acknowledge the fact that the current support order is fraudulent. Ms. Fake failed to appear at this hearing which should have resulted in a dismissal for failure to appear, instead Ms. Gallen files a contempt petition against the Plaintiff. The Court has violated the Equal Protections Clause of the 14th Amendment. This action provides evidence of the conspiratorial actions of the Court to allow special treatment to Ms. Fake while discriminating against the Plaintiff in their attempts to defraud the Federal Government by collecting on a fraudulent support order.

h. 07/19/2016, Margaret T. Murphy stands in violation of her own local rules of civil procedure by the way she has administered the scheduling of the Emergency Custody Hearing, 29 days after the filing of said Petition and Murphy was notified in writing on

7

June 27, 2016 of the exigent circumstances of abuse and neglect my minor children were facing. This correspondence was forwarded to Mayor Kenney's office. The Master that heard the Emergency Petition committed extrinsic fraud on behalf of Margaret T. Murphy by refusing to accept material evidence and testimony from the minor children.

i.   08/02/2016, Margaret T. Murphy begins a course of vexatious and obdurate actions deliberately designed to confuse and cause extreme duress to the Plaintiff. Murphy has engaged in extrinsic fraud by cancelling several hearings without proper notification and rescheduling the hearings with her close acquaintance as the Petitioner in these custody matters when in fact the Plaintiff is the party that has petitioned the Court for custody matters and contempt against Dianne J. Fake.

j.   08/02/2016, Murphy cancels an Expedited Custody Hearing scheduled for 08/05/2016 and lists Dianne J. Fake as the Petitioner and Brandon L. Fake as Respondent.

k.   08/03/2016, Murphy reschedules said hearing for 08/05/2016 after receiving a written objection from the Plaintiff. This hearing was rescheduled with the predetermined plan to incarcerate the Plaintiff without affording him the opportunity to present his case at the expedited hearing. Murphy refused to forward crucial evidence to be presented in court that was received by the Court via certified mail, Plaintiff also had copies with him at the hearing and was denied the right to present the evidence. The Court allowed Ms. Fake to be in contempt of Court by refusing to bring the minor children with her as Ordered by the Court.

l.   08/03/2016, Murphy commits extrinsic fraud by cancelling the hearing scheduled on 09/07/2016 for Modification of Custody and Contempt of Custody petitions that were

filed by the Plaintiff on 06/20/2016.  Murphy changes the filing status of these petitions to Dianne J. Fake as Petitioner and Brandon L. Fake as Respondent.

m. 08/30/2016, Ms. Fake files a Petition for Psychological and Drug evaluation.  This Petition was not served on the Plaintiff until 09/12/2016 in violation of Due Process.

n. 09/07/2016, Hearing in front of Judge Sulman takes place after objection letters were written to the Court that also stated the unethical behavior of Judge Sulman.  This hearing was nothing more than an inquisition into the filing of this Federal lawsuit, Sulman recused himself after I stated the facts of his unethical behavior and Sulman then perjured himself on the bench.  Although Sulman recused himself he violated the Plaintiff's 14th Amendment rights by hearing Ms. Fake's Petition filed on 08/30/2016 without even allowing a copy presented to the Plaintiff for him to examine.  Sulman allowed Ms. Fake to be in contempt when Ms. Fake admitted under oath that she knew the minor children were ordered to be present and she deliberately disobeyed the Order.

o. 09/07/2016, this matter is referred to Murphy for rescheduling.  Murphy violates Pennsylvania law by scheduling this Modification of Custody Petition to 03/14/2017 and maintains Dianne Fake as the Petitioner.  The Contempt of Custody Petition has not been rescheduled and will likely never be heard as the factual docket history shows a consistent pattern of this type of fraud by the Court.

p. 09/01/2016, Murphy schedules a Hearing for 11/14/2016 to hear the Petition filed by Ms. Fake on 08/30/2016.  This hearing is later cancelled citing the fact that the Petition had already heard by Judge Sulman and decided in violation of due process.  The Plaintiff was not given a copy of this Petition at the time it was heard nor was he afforded the

opportunity to defend himself from the false allegations stated by Ms. Fake as Sulman then recused himself in the matter.

q.  09/14/2016, Plaintiff files four petitions with the Court.  None of these Petitions have been docketed or scheduled by Judge Murphy in violation of PA. R.C.P. 205.2 and 1915.4(a)(e).

1.  Motion to Dismiss, current child support order that is fraudulent.

2.  Emergency Petition for Change of Venue and Transfer of Jurisdiction of custody.

3.  Petition for Contempt of Custody Order.

4.  Emergency Petition for Change of Venue and Transfer of Jurisdiction of support.


r.  09/16/2016, Murphy schedules a Protracted Custody Hearing for 03/14/2017 in violation of Title 231 PA. R.C.P. 1915.4 (b)(c)(d)(e).

s.  10/07/2016, Murphy schedules another hearing on 01/10/2016 to hear the Petition filed by Ms. Fake on 08/30/2016.

t.  11/03/2016, Judge Thompson cancels the hearing on 01/10/2016 stating the motion is moot.  Sulman has already decided the Motion in violation of Due Process.

u.  11/08/2016, Murphy re-schedules the hearing on 03/14/2016 and commits fraud by changing the filing statuses of the parties and in violation of Title 231 PA. R.C.P. 1915.4 (b)(c)(d)(e).

v.  11/17/2016, Hearing for Termination of Support Order is mishandled by Judge Murphy. The Support Master assigned to the case states she does not have jurisdiction to hear the matter because she only represents the Department of Welfare.  This is clearly a dilatory

10

tactic intentionally perpetrated by Murphy to avoid hearing the facts in the fraudulent
support matter and to violate the Plaintiff's Due Process rights. Hearing to be rescheduled
in violation of Administrative Regulation #02-02.

As of 11/17/2016 Margaret T. Murphy has failed to properly administer and schedule four
petitions filed on 6/20/2016 and the four petitions filed by the Plaintiff on 9/14/2016. The Court
has been duly notified on several occasions that they are in violation of Title 231 PA R.C.P. 1915.4;
1931; 205.2 and have failed to correct this violation of law. Margaret T. Murphy is discriminating
against the Plaintiff based on his gender and because of her relationship with Dianne Fake and the
Murphy family. This is clearly a violation of the Due Process Clause of the 14th Amendment and in
violation of Pennsylvania law. The fraud, corruption, discrimination and incompetence that are
being committed by this Court are of such an unprecedented and reprehensible offense that it
must be addressed without further delay.

Judge Margaret T. Murphy is not entitled to judicial immunity based on the fact that all of her
actions were administrative in nature. "Judges are not immune for their nonjudicial activities, i.e.,
activities which are ministerial or administrative in nature." Santiago v. City of Philadelphia, 435
F.Supp. 136 (1977); "Judges have no immunity from prosecution for their judicial acts." Bradley v.
Fisher, U.S. 13 Wall. 335 (1871); When a judge acts intentionally and knowingly to deprive a
person of his constitutional rights, he exercises no discretion or individual judgement; he acts no
longer as a judge, but as a "minister" of his own prejudice." Pierson v. Ray. 386 U.S. 547 at 567
(1967); "Judges may be punished criminally for willful deprivation of rights on the strength of Title
18 U.S.A. 241 and 242." Imbler v. Pachtman, 424 U.S. 409; 96 S.Ct. 984 (1976); Immunity fosters
neglect and breeds irresponsibility, while liability promotes care and caution, which caution and

11

care is owed by the government to its people." Rabon v. Rowen Memorial Hosp., Inc. 269 NSI. 13,

152 S.E.2d 485, 493 (`1967); "We should, of course, not protect a member of the judiciary "who is

in fact guilty of using his power to vent his spleen upon others, or for any other personal motive

not connected with the public good." Gregoire v. Biddle, 177 F.2d 579, 581.; "There is no judicial

immunity from criminal liability." Shore v. Howard, 414 F.Supp. 379


4.      Judge Joel S. Johnson has knowingly acted outside of his jurisdiction and has violated the

Plaintiff's 4th, 5th and 14th Amendment rights while acting under color of law.

   a. 07/05/2016, Johnson is duly notified in writing that fraud has been committed in the
      administration of the current child support order.

   b. 07/13/2016, Plaintiff receives correspondence from Judge Johnson's chambers
      acknowledging that Plaintiff resides in Colorado and that this matter will most likely be
      transferred to my jurisdiction.

   c. 07/14/2016, Johnson issues a bench warrant for the Plaintiff after conspiring with Ms. Fake
      off the record during a hearing.

   d. 08/05/2016, Johnson violates the Plaintiff's 4th and 14th Amendment rights by incarcerating
      the Plaintiff on a fraudulent Order of Court.

   e. 10/14/2016, Johnson violates 18 U.S. 1951 and violates the Plaintiff's 4th and 14th
      Amendment rights by awarding the amount of $7,563.25 released to Ms. Fake without a
      valid Court order and without affording the Plaintiff Due Process and Equal Protection
      under the 14th Amendment.  This hearing was conducted with Ms. Fake off the record.

f. 11/14/2016, Johnson violates the Plaintiff's 14th Amendment rights by refusing Due Process and Equal Protection rights guaranteed by the 14th Amendment by not allowing the Plaintiff to attend a hearing via teleconference when Johnson is fully aware that this matter is outside of his jurisdiction as acknowledged in the 07/13/2016 correspondence from his law clerk.  This hearing took place as a retaliatory action against the Plaintiff.

Judge Joel S. Johnson is not entitled to judicial immunity based on the fact that he has engaged in corruption and a criminal conspiracy to deprive the Plaintiff of his Constitutional Rights while acting outside of his jurisdiction and under color of law. "the very purpose of 1983 was to interpose the Federal Courts between the States and the people, as guardians of the people's Federal rights – to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial." 407 U.S., at 242.   "Judges have no immunity from prosecution for their judicial acts." Bradley v. Fisher, U.S. 13 Wall. 335 (1871); When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgement; he acts no longer as a judge, but as a "minister" of his own prejudice." Pierson v. Ray. 386 U.S. 547 at 567 (1967); "Judges may be punished criminally for willful deprivation of rights on the strength of Title 18 U.S.A. 241 and 242." Imbler v. Pachtman, 424 U.S. 409; 96 S.Ct. 984 (1976); Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and care is owed by the government to its people." Rabon v. Rowen Memorial Hosp., Inc. 269 NSI. 13, 152 S.E.2d 485, 493 (`1967); "We should, of course, not protect a member of the judiciary "who is in fact guilty of using his power to vent his spleen upon others, or for any other personal motive not connected with the public good." Gregoire v. Biddle, 177 F.2d 579, 581.; "There is no judicial immunity from criminal liability." Shore v. Howard, 414 F.Supp. 379

5.    Judge Holly J. Ford has violated the Plaintiffs 4th, 5th, and 14th Amendment rights during her commission of fraud in violation of Title 18 PA. C.S. 4903(a)(c) and 18 US Code 1001 (1)(2)(3).

    a. 06/23/2015, Holly Ford signed a fraudulent order of support.

    b. 09/22/2015, Judge files an opinion with the Superior Court. In said Opinion Holly J. Ford commits perjury in violation of 18 Pa.C.S. 4903 by intentionally and knowingly making two false statements attempting to conceal the fraud that was committed in the due process violations of the filing of Contempt Petition dated 3/05/2014.

Judge Holly J. Ford is not entitled to Judicial immunity because of her criminal and corrupt actions taken under color of law. "Judges have no immunity from prosecution for their judicial acts." Bradley v. Fisher, U.S. 13 Wall. 335 (1871); When a judge acts intentionally and knowingly to deprive a person of his constitutional rights, he exercises no discretion or individual judgement; he acts no longer as a judge, but as a "minister" of his own prejudice." Pierson v. Ray. 386 U.S. 547 at 567 (1967); "Judges may be punished criminally for willful deprivation of rights on the strength of Title 18 U.S.A. 241 and 242." Imbler v. Pachtman, 424 U.S. 409; 96 S.Ct. 984 (1976); Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and care is owed by the government to its people." Rabon v. Rowen Memorial Hosp., Inc. 269 NSI. 13, 152 S.E.2d 485, 493 (`1967); "We should, of course, not protect a member of the judiciary "who is in fact guilty of using his power to vent his spleen upon others, or for any other personal motive not connected with the public good." Gregoire v. Biddle, 177 F.2d 579, 581.; "There is no judicial immunity from criminal liability." Shore v. Howard, 414 F.Supp. 379

6.      Dianne J. Fake has knowingly engaged in a criminal conspiracy with Patrick J. Murphy,

Margaret T. Murphy and other Officers of the Court to deprive the Plaintiff of his civil rights on numerous

occasions.  On 9/24/2013, Dianne J. Fake was arrested on felony charges of Interference with a custody

order and conspiracy.  Ms. Fake conspires with Patrick J. Murphy who then contacted Kevin M.

Dougherty and/or Margaret T. Murphy to obstruct justice and they did.  The "contract" that proves this

crime is well documented in the felony arrest records and docket history.

> a. 12/01/2014, Dianne J. Fake conspires with the Court through a "contract" which is an Order
>    of Support that is issued to a fictitious individual named Dianne N. Fake.
>
> b. 11/12/2015, Ms. Fake conspires with the Court to conceal her legal name and birthdate
>    during a Court hearing when specifically asked to state her full name.
>
> c. 07/25/2016, Ms. Fake conspires with Margaret T. Murphy and Katie Gallen during a private
>    meeting that took place during the 3 ½ between the scheduled hearing time and the time
>    the hearing actually took place, this meeting was to discuss the pending Federal lawsuit that
>    was filed on 07/19/2016.  Ms. Fake is advised by Ms. Gallen not to state her full name and
>    birthdate on the record in an attempt to conceal the ongoing fraud being committed
>    through the entry of the fraudulent support order.  Ms. Fake also admits to receiving free
>    healthcare for the minor children while the Plaintiff is ordered to pay Ms. Fake for health
>    insurance, causing her to be unjustly enriched.
>
> d. 10/14/2016, Ms. Fake attempts to conspire with Judge Thompson through ex-parte
>    correspondence that has not been served upon the Plaintiff.

7.      Patrick J. Murphy has maintained a very close and personal relationship with Dianne J. Fake for at least 35 years that the Plaintiff has personal knowledge of.  Patrick Murphy has a close "professional" and personal relationship with Kevin M. Dougherty.  Patrick Murphy is related to Margaret T. Murphy.   Mr. Murphy has used his political and personal influence to conspire with Dianne J. Fake and Officers of the Philadelphia Court of Common Pleas to violate the Plaintiff's civil rights.

a. On or about 09/24/2013, Patrick J. Murphy enters into a "contract" to obstruct justice with Kevin M. Dougherty and Margaret T. Murphy.  A criminal conspiracy was entered into by these individuals to falsify court records in the Philadelphia Court of Common Pleas, Criminal and Domestic Relations Divisions at which time Kevin M. Dougherty had control and influence over the administration of both Courts.  These aforementioned individuals conspired to change Ms. Fakes name on the Domestic Relations docket and falsify Ms. Fake's birthdate on the Criminal docket.  Mr. Murphy also used his political influence to intimidate a witness into dodging a subpeana, this witness was a Philadelphia County Sheriff that was active military at the time of this crime.

b. 02/23/2016, Plaintiff contacted Mr. Murphy, via email in the Pentagon, about his unethical behavior and involvement in this matter.

c. 02/25/2016, Mr. Santiago responds from the Pentagon and states that Mr. Murphy does not know who I am.  Mr. Murphy felt it was necessary to lie to a government agent about his relationship with the Plaintiff and Dianne J. Fake to avoid implication in fraud among other charges.  The fact that Mr. Murphy knows both the Plaintiff and Ms. Fake is an undeniable truth.

      d. 05/22/2016, Mr. Murphy admits during an interview that he maintains a 'Rowhouse

        mentality' by stating "I learned having a rowhouse mentality is about taking care of the

        folks on your left and on your right, and that's the same mentality we have in the Army".

        The fact that Dianne J. Fake and her family lived in the rowhouse to the left of the Murphy

        family is admittance of Mr. Murphy's involvement in this criminal conspiracy.

    The fact that Patrick J. Murphy has involved himself in influencing his friends and family that are

entrusted to uphold justice and the United States Constitution is the most disturbing case of corruption

that the Plaintiff has ever been witness to.  The political influence that Murphy maintains within the

Philadelphia legal community has made it absolutely impossible for the Plaintiff to obtain legal

representation.  The Philadelphia Bar association has stonewalled the Plaintiff in his attempts to get a

referral.  Any contact made to law firms always led to the same conclusion that the attorneys either

know Mr. Murphy or the other defendants personally and that they are unwilling to risk political suicide.

    The most disturbing fact of Patrick J. Murphy's involvement in this conspiracy is that he was

engaged in this ongoing travesty of justice throughout the time period that he served as a United States

Congressman that was sworn to uphold the Constitution of the United States.  Mr. Murphy has also

served as an officer of the Court and has been entrusted to uphold justice.  Constitutional violations and

fraud upon the Court do not toll to a statute of limitations.


## II. RELIEF

    The reasons set forth in this claim give rise to the heinous atrocities that have been conducted by

an abusive and corrupt system of justice that is controlled by political corruption and influence to favor

those who are included in their system and to discriminate against the Plaintiff.  The allegations of

corruption in this case are of such magnitude that it becomes an obligation for any individual that has the ability to take actions to correct and rectify this situation, to take the appropriate actions.  As a pro-se litigant in this matter, The Plaintiff lacks the proper skills to properly present this case in Federal Court; therefore The Plaintiff respectfully requests that this Court appoint legal representation to the Plaintiff. The detrimental effect that these violations have had on the Plaintiff is insurmountable.   The Philadelphia Court of Common Pleas and the Defendants in this case are continuing on a path of vexatious and obdurate behavior against the Plaintiff which includes retaliatory actions that the Plaintiff is powerless in defending himself from.

## III. CLAIM FOR DAMAGES

1. The fraud and discrimination that has been committed by the Defendants in this case has caused severe mental anguish and an extreme amount of emotional and psychological distress for the past 13 years that has affected every aspect of my daily life.  The amount of $1,000,000.00 is requested to compensate for these damages.

2. The effect of the un-constitutional tactics used by the Court has affected my ability to earn the income I had earned prior to the onset of their criminal actions and ultimately resulted in the loss of my business and my home.  The amount of $1,000,000.00 is requested to compensate for these damages.

3. The excessive legal expenses that have been required to combat the illegal actions of these Defendants have been astronomical.  The amount of $500,000.00 is requested to compensate for these damages.

4.  The Plaintiff will be required to protect himself and his family for the remainder of their lives because he has taken such actions against these politically powerful and corrupt Defendants and will have to take extra security measures to ensure safety.  The amount of $500,000.00 is requested to cover these future expenses.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendants providing the following relief:

a.  Compensatory damages in an amount in excess of $3,000,000.00, excluding costs and interest, that Plaintiff is found to be entitled.

b.  Punitive damages against the Defendants in an amount that the Court deems fair, excluding costs and interest, that Plaintiff is found to be entitled.

c.  An order restraining the Defendants from further acts of discrimination and retaliation.

e.  An award of interest, costs, and reasonable attorney's fees.

f.  Any other action or relief as the Court deems appropriate.

By: _____

Brandon L. Fake
5341 Bowersox Parkway
Firestone, Colorado  80504
303-506-9910

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 17th day of November, 2016

By: _____

Brandon L. Fake

19