IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON L. FAKE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 16-3893** |

## MEMORANDUM

**PAPPERT, J.**                                                                                          **DECEMBER 21, 2016**

Currently before the Court is plaintiff Brandon L. Fake's second amended complaint based on an alleged conspiracy in the Philadelphia Court of Common Pleas associated with contentious divorce, support and custody proceedings between plaintiff and his ex-wife that began in 2004. For the following reasons, the Court will dismiss the second amended complaint.

### I.     FACTS AND PROCEDURAL HISTORY

Plaintiff's initial complaint named forty-four defendants and primarily alleged that those defendants conspired to manipulate domestic relations proceedings in Philadelphia in favor of plaintiff's ex-wife, Dianne Fake née Clark, based on Ms. Fake's ties to Under Secretary of the Army Patrick Murphy and his family. Plaintiff also alleged that due to Dianne Fake's relationship with the Murphy family, she and her daughter Corinna Fake were treated leniently by the criminal justice system after having been charged with certain crimes. The complaint also indicated that certain municipal defendants failed to protect plaintiff's minor children. The Court construed the complaint as raising constitutional claims under 42 U.S.C. § 1983 and various criminal statutes.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed the complaint in part as frivolous and in part for failure to state a claim. Among other things, the

Court concluded that: (1) most of plaintiff's claims related to the domestic relations proceedings were time-barred; (2) plaintiff's claims based on events that occurred in the course of the domestic relations proceedings were premised on conclusory allegations; and (3) absolute immunity precluded plaintiff's claims against state judges who presided over his case. Plaintiff was given leave to file an amended complaint.

Plaintiff filed an amended complaint against twenty-eight defendants, many of whom are judges or special masters who presided over the domestic relations proceedings in Philadelphia. As with the initial complaint, the amended complaint primarily alleged that Dianne Fake used her close relationship with Under Secretary Murphy and his family to rig the court against plaintiff. In support of his conspiracy claims, plaintiff noted that the Murphy family was close with the Clark family, that members of the Murphy family held influential positions in local and state government, and that Under Secretary Murphy was friendly with judges who at times presided over plaintiff's case. The amended complaint added that the Philadelphia Police Department and the Philadelphia Department of Human Services were similarly biased against plaintiff because those entities failed to adequately address his concern that his daughters were being abused by their mother. Plaintiff indicated that he sought to bring claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 18 U.S.C. § 242.

The Court dismissed the amended complaint with an October 17, 2016 Order and accompanying Memorandum. With regard to plaintiff's § 1983 claims, the Court concluded, among other things, that plaintiff failed to plead a sufficient factual basis for a plausible conspiracy claim, and that his timely claims against the judges and special masters who presided over his case were barred by judicial immunity. The Court gave plaintiff leave to file a second amended complaint as to those timely claims that were not dismissed with prejudice.

In his second amended complaint, plaintiff sued the City of Philadelphia, Dianne Fake, Under Secretary Murphy, and four judges who served on the Philadelphia Court of Common Pleas—Judge Kevin M. Dougherty, Judge Margaret T. Murphy, Judge Joel S. Johnson, and Judge Holly J. Ford— during the time period relevant to his claims.  The second amended complaint raises claims pursuant to 42 U.S.C. § 1983 based on an alleged "criminal conspiracy to deprive Plaintiff of his 4th, 5th, and 14th Amendment rights" in connection with the ongoing proceedings in state court.  (Sec. Am. Compl. at 2.)

The second amended complaint supports plaintiff's conspiracy claim with the following allegations:

> The motive for the [Philadelphia] Court to engage in such corrupt and criminal action is based on the close personal and professional relationships of Dianne J. Fake, Patrick J. Murphy, Margaret T. Murphy, Kevin M. Dougherty, Jack Murphy, Marge Murphy, Mary Clark and John Clark who have conspired to perpetrate this unconscionable scheme to railroad the Plaintiff, as detailed in this complaint.  The factual evidence to support this claim is provided in the docket history of support case 04-07331, custody case OC0601812 and felony case CP51CR00128162013 in the Philadelphia Court of Common Pleas.  Phone and e-mail records between these parties will provide evidence that these parties have conspired to violate the United States Constitution and have financially benefitted from the establishment of fraudulent child support orders whereby defrauding the United States Government by collecting Title IV D funds in a case where Fraud upon the Court has taken place.[1]  The ability to enact these atrocities has been done by and through the influence that the Murphy family has within the highest levels of the Court administration with the positions held by their closest friends and relatives.

(Sec. Am. Compl. at 2.)

In their current form, plaintiff's claims as they relate to the support and custody cases appear to be premised on the issuance of child support orders that he believes are erroneous

---

[1] Title IV-D of the Social Security Act provides federal aid to states that comply with the requirements of the federal scheme, which includes an obligation to enforce child support orders by collecting on overdue child support payments.  *See Blessing v. Freestone*, 520 U.S. 329, 333 (1997).

because they overinflate his income, as well as his dissatisfaction with how the support proceeding has been handled by the judges and special masters who presided over it. Plaintiff alleges that the judges who he sued ("judicial defendants") violated his constitutional rights by issuing a recent support order, enforcing that order by freezing his assets and seizing funds from him, and refusing to act promptly on motions or other filings that plaintiff submitted to the court.[2] Plaintiff was also held in contempt and incarcerated in connection with the support proceeding.

The second amended complaint implies that by collecting on a support order that exaggerated plaintiff's child support obligations, the judicial defendants defrauded the federal government to the extent their court received social security funds related to those collection efforts. Plaintiff adds that Judge Dougherty—who served as Administrative Judge from 2004 through 2015—and Judge Murphy—who served as Supervising Judge between 2004 and 2015, before she became Administrative Judge—violated his rights because they failed to take action despite having been notified "that civil rights violations were taking place." (Sec. Am. Compl. at 3, ¶ 2 & 5, ¶ 3.)

Plaintiff also attempts to garner support for his conspiracy claim from his ex-wife's criminal prosecution, which was ultimately *nolle prossed*. *See Commonwealth v. Fake*, Docket

---

[2] Plaintiff unsuccessfully challenged a recent support order in the Philadelphia Court of Common Pleas and subsequently filed an appeal with the Pennsylvania Superior Court. Shortly after plaintiff filed his amended complaint in this case, the Superior Court affirmed the child support order after finding that plaintiff waived his issues on appeal by failing to provide record support for his contentions. *See Fake v. Fake*, No. 2192 EDA 2015, 2016 WL 5900203, at *4 (Pa. Super. Ct. Sept. 1, 2016) ("Father waived all of the issues presented in his brief for failure to preserve them in his Rule 1925(b) statement and, further, for filing a facially and fatally defective brief devoid of legal authority and reference to the record."). As in this case, plaintiff contended that the Philadelphia Court of Common Pleas' rulings discriminated against him and violated his constitutional rights.

No. CP-51-CR-0012816-2013 (Phila. Ct. Common Pleas). Judge Dougherty presided over the case when it was in Municipal Court and held the charges for trial after a preliminary hearing. *See Commonwealth v. Fake*, Docket No. MC-51-CR-0037201-2013 (Phila. Municipal Ct.). As part of the alleged conspiracy, plaintiff contends that Judge Dougherty "illegally" listed Ms. Fake's name on her criminal docket as Dianne N. Fake, rather than Dianne J. Fake, and listed her incorrect birth date on the docket.[3] (Sec. Am. Compl. at 3, ¶ 2.a.) Plaintiff adds that Judge Dougherty signed an order to freeze assets in the criminal case, which plaintiff contends violates his rights and was intended to clear Ms. Fake of the criminal charges.[4]

Plaintiff alleges that the unconstitutional manner in which the domestic and criminal matters were handled by judges on the Philadelphia Court of Common Pleas has caused him mental distress and other damages. Accordingly, he seeks damages in excess of three million dollars.

## II. STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the second amended complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Additionally, the Court may

---

[3] Plaintiff also challenges some of the orders issued in the support case on the basis that they reflected an incorrect middle initial for Ms. Fake.

[4] The date on which Judge Dougherty signed the order, September 25, 2013, is the same date that Ms. Fake posted bail in her criminal case. *See Commonwealth v. Fake*, Docket No. MC-51-CR-0037201-2013 (Phila. Municipal Ct.).

dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds, Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Plaintiff has Failed to State a Conspiracy Claim

Plaintiff has again failed to state a plausible basis for a conspiracy claim. "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, to state a claim for a judicial conspiracy, a complaint should allege facts concerning "the approximate time when the [conspiratorial] agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, [and] the object of the conspiracy." *Great Western*, 615 F.3d at 179. "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

Plaintiff has again failed to plead sufficient factual matter to support his conspiracy claim. It is apparent from the second amended complaint that plaintiff's conspiracy claim is based on: (1) allegations that Under Secretary Murphy is close with Dianne Fake and has friends and family

members who are judges on the Philadelphia Court of Common Pleas; (2) the fact that several judges, including judges who are related to or friends with Under Secretary Murphy, issued orders or rulings in plaintiff's case that he believes are improper and/or incorrect; (3) a suggestion that the defendants have financially benefited from enforcing the child support orders issued against plaintiff based solely on the operation of a federal statutory scheme; (4) the fact that criminal charges against Ms. Fake were ultimately *nolle prossed*; and (5) conclusory allegations that Under Secretary Murphy, Dianne Fake, and the judges presiding over plaintiff's case conspired to violate his rights, obstruct justice, and discriminate or retaliate against plaintiff.

Leaving aside the conclusory allegations, as the Court is required to do, it is apparent that there is no substance to plaintiff's conspiracy claim. It is not plausible to infer that the state court is rigged against plaintiff simply because his ex-wife has prevailed against him and also happens to be close friends with someone who has ties to state judges.[5] Furthermore, to the extent plaintiff is imparting a financial motive to the judges who either issued rulings in his support case or who enforced orders in that case, he does not elaborate on how the judges benefitted in a manner that would reveal a basis for his conspiracy claim.

Plaintiff has twice been given an opportunity to amend his complaint in the event he could support his conspiracy claim with sufficient facts to move forward. Despite serious allegations of wrongdoing, he has not been able to describe much of anything beyond his losses in state court and the fact that Under Secretary Murphy has familial or professional ties to judges

---

[5] In regard to Ms. Fake's criminal case, the public docket reflects that Judge Dougherty presided over the case in Philadelphia Municipal Court and held the charges for court after a preliminary hearing. *Commonwealth v. Fake*, Docket No. MC-51-CR-0037201-2013 (Phila. Municipal Ct.). It does not appear that Judge Dougherty—or any of the other judicial defendants—presided over the criminal case while it proceeded in the Philadelphia Court of Common Pleas. *Commonwealth v. Fake*, Docket No. CP-51-0012816-2013 (Phila. Ct. Common Pleas). In any event, the simple fact that the case was *nolle prossed* does not support the sweeping conspiracy alleged in the second amended complaint.

who ruled in favor of Ms. Fake.  Indeed, there are no factual allegations in the second amended complaint that Patrick Murphy said anything specific to the judicial defendants to influence their rulings, or took a particular action that caused those judges to rule against plaintiff in the support action.  In sum, plaintiff's allegations of unilateral judicial action supported only by generalized allegations regarding Under Secretary Murphy's potential to influence certain judges, as well as unsupported conclusions of wrongdoing, do not provide a basis upon which to allow plaintiff's conspiracy claim to proceed.  *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645-48 (E.D. Pa. 2014) (rejecting judicial conspiracy claim premised on plaintiff's repeated losses in state court when plaintiff failed to allege conduct by non-judicial actors), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

As plaintiff has failed to sufficiently plead a conspiracy, he has also failed to establish that Dianne Fake could be considered a state actor subject to liability under § 1983.  *See Mikhail*, 572 F. App'x at 71-72; *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").  Plaintiff's failure to allege a plausible basis for a conspiracy is also fatal to his claims against Under Secretary Murphy, because those claims are premised entirely on plaintiff's unsupported allegations that Under Secretary Murphy conspired with judges to rig the court against him.

### B. Plaintiff has not Stated a Basis for a Claim Against the City of Philadelphia

Plaintiff has failed to state a § 1983 claim against the City of Philadelphia.  Those claims are premised on plaintiff's allegations that the Mayor and Philadelphia District Attorney's Office failed to address the alleged corruption in the Philadelphia Court of Common Pleas, as well as

8

"public knowledge that deep rooted corruption is rampant in the City of Philadelphia." (Sec. Am. Compl. at 3.) However, the Philadelphia Court of Common Pleas, as part of Pennsylvania's Unified Judicial System, is a state agency controlled by the Pennsylvania Supreme Court, rather than the City of Philadelphia. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 240 (3d Cir. 2005). Accordingly, there is no basis for plaintiff's claims against the City. *See Collura v. Ford*, 637 F. App'x 673, 675 (3d Cir. 2016) (per curiam) ("Because the City cannot be held liable for the alleged actions of Commonwealth employees, the District Court correctly dismissed Collura's claims as to the City."). Furthermore, plaintiff has already been informed that a failure to investigate does not equate to a constitutional claim under § 1983. *See Fake v. Phila. Ct. of Common Pleas*, No. CV 16-3893, 2016 WL 4039654, at *3 (E.D. Pa. July 27, 2016).

### C. The Judicial Defendants are Entitled to Judicial Immunity

To the extent plaintiff raises claims against the judicial defendants apart from the conspiracy claim, the judicial defendants are entitled to immunity. Judges are absolutely immune from liability for damages under § 1983 for acts taken in their judicial capacity unless they acted in the clear absence of all jurisdiction.[6] *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if 'it is a function normally performed by a judge' and the parties 'dealt with the judge in his [or her] judicial capacity.'" *Perez v. Gamez*, 618 F. App'x 157, 160 (3d Cir. 2015) (quoting *Stump*, 435 U.S. at 362). "Immunity will not be forfeited because [the] judge . . .

---

[6] Pennsylvania courts generally have jurisdiction over domestic relations proceedings, including support and child custody matters. *See* 23 Pa. Cons. Stat. § 3104. Plaintiff has not alleged a sufficient factual basis to plausibly establish that any of the judges acted in the clear absence of all jurisdiction so as to vitiate judicial immunity here. *See Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) ("Generally, . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." (internal quotations omitted)).

committed grave procedural errors, or because [he or she] . . . conducted a proceeding in an informal and ex parte manner." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (internal quotations and citations omitted). Nor do the judge's subjective motivations, even if corrupt, deprive him or her of absolute immunity for judicial acts. *Id.* ("[O]ur analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991)).

Here, the majority of plaintiff's claims against the judicial defendants are based on how they ruled in the support action, how they handled plaintiff's filings or scheduling matters in the support action, and their signing of orders, including enforcement orders, in the support action. Those are all judicial acts protected by absolute judicial immunity. *See Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012) (per curiam) ("The order of a judge entered against Addlespurger in the Family Division proceedings may not serve as a basis for a civil action for damages."); *Stankowski v. Farley*, 251 F. App'x 743, 746 (3d Cir. 2007) (per curiam) (judicial immunity applied to allegations that judge "imposed an illegal sentence, failed to address [plaintiff's] motions, failed to state the plea agreement in open court, and failed to announce [plaintiff's] sentence in open court"); *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (granting judicial immunity to judge who held plaintiff in contempt and immediately jailed him despite court rules to the contrary and despite directive obligating the judge to transfer the case).

Judge Dougherty is likewise entitled to judicial immunity for issuing orders while he was presiding over Ms. Fake's criminal case, even if those orders incorrectly identified Ms. Fake's middle initial and birth date. Furthermore, the fact that Judge Dougherty and Judge Murphy at

times held the titles of Administrative Judge and Supervising Judge does not deprive them of absolute judicial immunity for judicial acts such as signing orders, scheduling or canceling hearings, or failing to intervene to prevent alleged constitutional violations in plaintiff's support case.[7]  *See Andrews v. Hans-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016) (administrative judge's denial of petition for fees was judicial act even though the "determination took place outside of the court's docket, without a hearing, and potentially without the possibility of appeal"); *Gallas*, 211 F.3d at 771-72 (administrative judge of family court division was entitled to absolute judicial immunity from claims based on her decision to release a court order to the news media); *Watkins v. Blocker*, No. CIV.A. 06-3775, 2007 WL 789425, at *5 (E.D. Pa. Mar. 14, 2007) ("Supervisory decisions regarding how courts function are adjudicative.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the second amended complaint.  Despite having given plaintiff two opportunities to amend his claims, he has not been able to provide factual support for the vast judicial conspiracy alleged in his pleadings.  Having reviewed all of the pleadings in this case, the Court concludes that further attempts at amendment would be futile.  An appropriate order follows.

*/s/ Gerald J. Pappert*

---

[7] The judicial defendants are also entitled to immunity from any claims for injunctive relief.  *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).